UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00093-GCM-DCK

| | |
|---|---|
| JATINDER CHEEMA, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JOSEPH B. EDLOW[1], | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 7), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 10), recommending that this Court grant Defendant's motion, Plaintiff's objections to the M&R, (Doc. No. 11), and Defendant's reply, (Doc. No. 12). For the reasons discussed herein, the Court adopts the M&R and grants Defendant's motion.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the following office holder is automatically substituted as Defendant: Joseph B. Edlow, Director, U.S. Citizenship and Immigration Services ("USCIS"), is substituted for Kika Scott. *Leadership*, U.S. Citizenship and Immigr. Servs., https://www.uscis.gov/about-us/organization/leadership (last visited July 22, 2025). The Clerk is directed to substitute the Defendant accordingly. The Court recognizes that these positions may change suddenly, and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

1

forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* "[A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States ex rel. Wheeler v. Acadia Healthcare Co.*, 127 F.4th 472, 486 (4th Cir. 2025) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). This is a "modest bar," and "a party need not frame its arguments anew when it objects." *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023).

## III. DISCUSSION

The M&R first concludes that Plaintiff's request is "moot insofar as he seeks to compel adjudication of his Form N-400 naturalization application." (Doc. No. 10 at 7). Regarding Plaintiff's request for review of the denial of his Form I-751 hardship

2

waiver without affording him an interview, the M&R concludes that Plaintiff has failed to allege a final agency action for purposes of judicial review, and further, that there is "no legal requirement for the interview Plaintiff seeks to compel." (Doc. No. 10 at 8–10). The M&R acknowledges as compelling Defendant's additional argument that a Form I-751 hardship waiver is not judicially reviewable at all in this case. (Doc. No. 10 at 9).

Plaintiff objects, arguing that the Court must compel Defendant to interview Plaintiff on the Form I-751 hardship waiver and reinterview him on his Form N-400 application for naturalization. (Doc. No. 11 at 2). Additionally, Plaintiff claims for the first time that he filed another Form I-751 hardship waiver on October 28, 2024. (Doc. No. 11 at 2, 9). Overall, Plaintiff reiterates his claims that Defendant has acted arbitrarily and capriciously when reviewing his paperwork and denying him interviews.

Having conducted a full, thorough, and independent review of the M&R and other documents of record, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

**A. Form N-400 Application for Naturalization**

As discussed in the M&R, Plaintiff's request that this Court compel adjudication of his Form N-400 application for naturalization is moot as this adjudication has since occurred. (Doc. No. 8-4); *see Ruijie Liu v. Garland*, No. 23-CV-1132, 2024 WL 2941850, at *2 (E.D.N.Y. June 11, 2024) ("'[D]istrict courts routinely

3

Case 3:24-cv-00093-GCM-DCK    Document 13    Filed 08/04/25    Page 3 of 7

dismiss as moot mandamus claims that seek to compel officials to process immigration-related claims' where the relevant petition or form has already been processed." (citing cases)).

To the extent that Plaintiff asks in his objections for this Court to review his Form N-400 application, Plaintiff neither sought this relief in his amended complaint nor did he argue it before the Magistrate Judge. Plaintiff "cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant." *Xi-Amaru v. Xi-Amaru*, No. 8:22-cv-01211-DCC, 2022 WL 1638777, at *2 (D.S.C. May 24, 2022) (citations omitted)). Plaintiff has "'receive[d] the relief . . . [he] sought to obtain through the claim', rendering the [claim] moot." *Yan Lin v. Mayorkas*, No. 3:24cv445, 2025 WL 259198, at *3 (E.D. Va. Jan. 21, 2025) (quoting *Simmons v. United Mortg. & Loan Inv. LLC*, 634 F.3d 754, 736 (4th Cir. 2011)) (first alteration in original). Further, among other issues already discussed at length in the M&R, "[i]t is a 'long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Lefsih v. Wolf*, 479 F. Supp. 3d 241, 248 (E.D.N.C. 2020). Plaintiff has not alleged that he has exhausted the requisite administrative procedures—specifically, he has not requested a hearing on the denial before an immigration officer. 8 U.S.C. § 1421; *Dilone v. Nielsen*, 358 F. Supp. 3d 490, 496 (D. Md. 2019) ("[A] person whose application is denied must first request a hearing before an immigration officer" before he "may seek review of such denial before the United States district court." (citations omitted)). For these reasons, the Court overrules

4

Plaintiff's objections regarding his Form N-400 application for naturalization.

### B. Form I-751 Hardship Waivers

Plaintiff also asks the Court to compel Defendants to properly adjudicate Plaintiff's Form I-751 hardship waivers by affording Plaintiff an interview. (Doc. No. 6 at 28). The M&R found, and this Court agrees, that Plaintiff's request that Defendant adjudicate his first Form I-751 hardship waiver is also moot because the USCIS already denied it. (Doc. No. at 7). To the extent Plaintiff seeks review of this denial, several district courts "have found that a USCIS denial of an I-751 petition is not a final agency action, given the availability of administrative review in a removal proceeding." *Simaga v. U.S. Citizenship & Immigr. Servs.*, No. 2:21-cv-5098, 2022 WL 4133232, at *3 (S.D. Ohio Sept. 12, 2022) (citing cases from other districts). Plaintiff's allegations indicate that his removal proceedings remain ongoing. (Doc. No. 10 at 8 (citing Doc. No. 6 at 9)).

Further, as the M&R details, consideration of a Form I-751 hardship waiver is in the sole discretion of the Secretary of Homeland Security. 8 U.S.C. § 1186a(c)(4). Where a petitioner challenges "findings that are committed to the sole discretion of the Secretary and he does not raise a constitutional claim or a question of law, [courts] are without jurisdiction." *Calle v. Holder*, 599 Fed. Appx. 72, 73 (4th Cir. 2015) (unpublished) (per curiam) (citations omitted) (dismissing petition for review of denial of petitioner's I-751 hardship waiver because such a decision is discretionary, thus depriving the court of jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii)).

As to the second hardship waiver raised in his objections, the Court agrees with

Defendant that Plaintiff failed to timely provide this information to the Magistrate Judge. Further, even if this Court could review a Form I-751 hardship waiver, Plaintiff has yet to receive a ruling on this hardship waiver.

Insofar as Plaintiff seeks to have this Court compel Defendant to afford Plaintiff an interview for either hardship waiver, the Court agrees with the M&R that there is no apparent legal requirement that Plaintiff be interviewed prior to the adjudication of a Form I-751 hardship waiver. *See* U.S. Customs and Immigr. Servs. Pol'y Manual, at Vol. 6, Pt. I, Ch. 3(G) (2025), https://www.uscis.gov/policy-manual/volume-6-part-i-chapter-3 (last visited July 22, 2025) (Conditional Permanent Residents "who file a Form I-751 must appear for an interview at a USCIS field office, unless USCIS waives the interview requirement."). Thus, this Court cannot order Defendant to act. *Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) ("[A] § 706 claim 'can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.'" (citation omitted) (emphasis in original)); *Id.* at 374 n.9 ("To succeed on a petition for a writ of mandamus, the petitioner must show, among other things, that 'the respondent had a clear duty to do the particular act requested by the petitioner.'" (citation omitted)). Plaintiff did not make the required showings.

Accordingly, for these reasons and those explained in the M&R, the Court grants Defendant's motion to dismiss.

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

6

Case 3:24-cv-00093-GCM-DCK    Document 13    Filed 08/04/25    Page 6 of 7

1. The Magistrate Judge's M&R, (Doc. No. 10), is **ADOPTED**;

2. Defendant's Motion to Dismiss, (Doc. No. 7), is **GRANTED**; and

3. This action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to close this case.

Signed: August 4, 2025

Graham C. Mullen
United States District Judge